# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

Ronald H. Ingraham
*Plaintiff*

V

**CIVIL ACTION**

NO_____

Amazon.com
*Defendant*

## COMPLAINT

### Parties

1.    The plaintiff is a resident of Roxbury, Suffolk County, Massachusetts and a citizen of the United States.

2.    The defendant is a corporation headquartered in Seattle, Washington in the United States.

### Jurisdiction

3.    This court has jurisdiction over this matter pursuant to 28 U.S.C. sect. 1332

### Facts

4.    In 2000, 2001 and 2002, plaintiff wrote a 3 book series sub-titled *A 21st Century Spiritual Awakening* and contracted with defendant to sell his first 2 books on their website. He gave no one else a copy and <u>no one</u> a copy of #3.

5.    Defendant sold two copies of the first book in 2002 and compensated plaintiff in accord with their contract.

6.    In June of 2003, plaintiff had a stroke and several heart attacks. It took years to recover.

-2-

7.  In or around 2006, plaintiff visited a Borders Book Store and discovered that his first two books were being sold. One of them was available in hardcover. Plaintiff published all of his books in paperback, and has all copies kept at his residence.

8.  Plaintiff ordered one of his books from Borders and when it came in, a yellow tab covered the ISBN number and it wasn't scanned at the cash register.

9.  Around 2008, plaintiff was investigated by government for possible tax evaison. He assured them that he hadn't received payment for his books since 2002 and sent them a copy of a predated letter to the defendant to prove it. In that letter, he explained his illness and asked defendant for a status report of his books.

10  Defendant called plaintiff on November 4, 2010 and told him that they hadn't sold any of his books since 2002.

11  A week later, plaintiff had one of his friends purchase both of his first 2 books from the defendant but they weren't ordered from the plaintiff nor was he compensated for them and defendant has plaintiffs present address.

12  Plaintiff's 3rd book (*Revelations Confirmed*) had been on defendants website but the government made them take it off and allowed them to continue selling plaintiff's other books when they knew that he wasn't being compensated.

13  Plaintiff called Mass Bar Association Referral and hired one of their lawyers (*Atty Ashley Forest*) to represent him in a copyright infringement lawsuit against defendant.

14  Everything went well until Atty Forest sent defendant demand letter on 1/28/11.

15   Plaintiff didn't hear from Atty Forest again until 6/1/11. When he finally got in touch with her, she said that she hadn't heard from defendant and that she was going to send the demand letter to a Boston address immediately. After not hearing from her in a week, plaintiff fired her. Plaintiff got confirmation from the Post Office that she received it on June 10, 2011.

16   On June 14, 2011 Atty Forest called plaintiff and told him that she got his mail but that she had already sent defendant a second Demand letter and for him not to file suit until the 30 days had expired. She assured him that the defendant would respond and that she thinks that he will be satisfied with their offer. Two days later plaintiff received a copy of Atty Forest's second demand letter to the defendant. It was dated June 13, 2011 and written after plaintiff fired her. It was altered from the first one without the same demand amount.

17   Plaintiff sent defendant a third demand letter explaining to them that Attorney Forest don't represent him any longer and that she received notification of that on June 10, 2011.

18   Defendant has done similar things like this before. See <u>Sandler v. Calcagni</u>, 565 F. Supp. 2d. 184 (2008) (Mass. Fed. Dist. Ct.)

19   Plaintiff is asking for protection under <u>17 U.S.C. sections 107, 411, & 505</u> See <u>Harper & Row ,Publishers  v. Nation Enterprise</u> 471 U.S. 539 (1985); and <u>Stewart  v. Abend,</u>  495 U.S.  207 (1990).

**Relief**

Defendant have breached their duties under the agreement for distribution of

-4-

plaintiff's copyrighted works. It is also apparent that defendant have made

unauthorized copies of plaintiff's works and offered these copies for sale with

out compensating plaintiff. Defendant has been unjustly enriched by their

million dollars profits worldwide especially in the black society nationally.

Due to these unfair and deceptive trade practices, plaintiff is asking for the

amount of fifty million dollars ($50,000,000.00) in actual and punitive damages.

legal fees, and a hefty fine that the court deems fair to punish the defendant for

their continuos illegal activities and trying to fool The Court. Totaling

(50,000,895.00)

WHEREFORE, the plaintiff demands judgement against the defendant for

damages and such other relief as this Court deems just.

Signature Ronald H. Ingraham

Ronald H. Ingraham

241 Walnut Avenue

Roxbury, MA 02119

Tel 1-857-212-2005